# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>F. MASCERENAS, et al.,<br><br>　　　　Defendants. | 1:16-cv-01158-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

### I.　Screening Requirement and Standard

Plaintiff Devonte B. Harris ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 9.) Plaintiff's complaint, filed on August 8, 2016, is currently before the Court for screening. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is a state prisoner currently housed at CSP-Sacramento. The events at issue occurred while he was housed at CSP-Corcoran. Plaintiff names the following defendants: (1) F. Mascerenas, Correctional Officer; (2) H. Gamboa, Sergeant; (3) J. Vander Poel, Associate Warden.

Plaintiff alleges as follows: On February 14, 2015, Walkenhorst, an approved CDCR vendor, processed an annual personal package for Plaintiff according to their invoice. This package arrived at CSP-Corcoran on February 23, 2016. Department Operation Manual § 54030.7.1 states the date of eligibility for receiving a package is calculated from the date it arrives at the institution. Plaintiff was eligible to receive his package when it arrived at the institution on February 23, 2016.

On March 2, 2015,[1] Plaintiff attended a disciplinary hearing and was placed on loss of privileges, including annual packages. On March 18, 2015, Defendant Mascerenas, acting as the Warden's designee, disallowed Plaintiff's package because he was on loss of privileges and determined it would be returned to the sender at Plaintiff's expense.

On March 19, 2015, Defendant Mascerenas notified Plaintiff that his package was being disallowed, and that he needed to attain sufficient funds on his trust account to return it to sender because Plaintiff currently had no funds. Mascerenas had Plaintiff sign an acknowledgement of receiving this notification of disallowance. California Code of Regulations, Title 15, § 3134(c)(4) states that a package must be delivered 15 calendar days after arrival to the institution.

Plaintiff told Defendant Mascerenas that he was indeed eligible for his packages because it arrived at the institution prior to Plaintiff being placed on loss of privileges. Further, Walkenhorst's return policy allowed refunds when a package is returned within 30 days from the date of the February 14, 2015 invoice only. Therefore, Defendant Mascerenas' delayed notification prevented Plaintiff from obtaining a refund.

Defendant Mascerenas still refused to issue Plaintiff his package. He was retaliating against Plaintiff for a grievance Plaintiff had filed about him confiscating authorized items out of Plaintiff's previous annual package (Log No. CSPC-6-14-02044). Defendant Mascerenas chilled but did not silence Plaintiff's speech. Defendant Mascerenas' confiscation of Plaintiff's package and delayed notification was not narrowly tailored to further a legitimate penological interest.

On March 22, 2015, Plaintiff filed an administrative appeal on these issues. Afterwards, he obtained shipment tracking results from Walkenhorst showing his package was delivered to the institution on February 23, 2016. CCR, Title 15, § 3084.7 required a face to face interview at the First Level of Review for an appeal. Plaintiff was never interviewed.

On May 5, 2016, Plaintiff's appeal was sent to him, although he didn't receive it from the appeals office until a few days later. Defendant Gamboa falsely claimed that she interviewed Plaintiff on April 3, 2015 and that he had no further supporting documents to provide. Appeals

---

[1] The dates of events, 2016 and 2015, are taken directly from Plaintiff's complaint.

Reviewer Vander Poel erroneously concluded that Plaintiff's package was received by the institution on March 2, 2015, the same day he was placed on loss of privileges. If Defendant Gamboa really had interviewed Plaintiff, he could have shown her documentary proof that his package was received at the institution on February 23, 2015, before he was placed on loss of privileges, and thus eligible for it.

On May 11, 2015, as a result of Defendants Gamboa and Vander Poel denying Plaintiff's appeal, Defendant Mascerenas destroyed Plaintiff's package.

Plaintiff's first cause of action is that Defendant Mascerenas violated Plaintiff's First Amendment right by retaliating against him for a past grievance. His second cause of action is that Defendants Mascerenas, Gamboa, and Vander Poel negligently destroyed Plaintiff's personal property, costing $99.82. Plaintiff's third cause of action is that Defendants Mascerenas, Gamboa, and Vander Poel committed conversion of Plaintiff's $99.82 personal property package.

Plaintiff's seeks a declaration that the acts and omissions violated his rights, and a judgment for nominal, compensatory, and punitive damages against each defendant, jointly and severally.

**III.     Discussion**

**a.     Retaliation**

Plaintiff claims that Defendant Mascerenas violated his First Amendment rights by confiscating his personal package in retaliation for a past grievance against him.

Within the prison context, a viable First Amendment retaliation claim "entails five essential elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The

plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

Plaintiff has not alleged sufficient facts to state a claim for retaliation in violation of the First Amendment against Defendant Mascerenas. Plaintiff's statement that he was being retaliated against for a past grievance is conclusory and speculative at best. Although Plaintiff has stated he filed a past grievance and his package was not released to him and was destroyed, he has not alleged any facts showing that Defendant Mascerenas' actions were taken because of the past grievance.

Furthermore, Plaintiff's allegations that he was not allowed any packages due to disciplinary privilege losses, and that Defendant Mascerenas denied the package after these privilege restrictions were imposed, suggest a legitimate correctional goal for the package denial. Plaintiff's allegations that he both did not have the funds to return the package to the sender, and was beyond the package return date, when his package was destroyed, further undermines his claim that Defendant Mascerenas disposed of the package for retaliatory reasons. Plaintiff must plead facts which suggest the absence of any legitimate correctional goals for Defendant Mascerenas' actions.

Plaintiff will be granted leave to amend this claim to cure these deficiencies.

### b. Personal Property

Plaintiff brings a claim against all Defendants for the value of his personal property that he states was negligently destroyed. An unauthorized deprivation of property, either intentional or negligent, by a state employee is not actionable under § 1983 if a meaningful state post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, Plaintiff may not pursue a claim based on the alleged destruction of his personal property by Defendant Mascerenas, Gamboa, or Vander Poel under § 1983.

### c. Inmate Appeals Process

Plaintiff alleges that the Defendant Gamboa falsified information in respect to his inmate appeal, that Defendant Vander Poel made errors in his findings in that appeal, and that his appeal was sent to him late. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his inmate appeals.

### d. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated by various defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S. Ct. 641, 92 L. Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a

declaration that a defendant violated Plaintiff's rights is unnecessary.

### e. State Law Claim

Plaintiff's claim for conversion is a tort governed by state law. Violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim, and declines to screen that claim at this time. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff must state what the Defendants did that deprived the Plaintiff of his constitutional rights. Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised of the general rule that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office shall send to Plaintiff a complaint form;
2. Plaintiff's complaint, filed on August 8, 2016 (ECF No. 1), is dismissed for the failure to state a cognizable claim upon which relief may be granted, with leave to amend;
3. Within **thirty (30) days** of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **<u>Plaintiff's failure to comply with this order will result in dismissal of this action for failure to state a claim upon which relief may be granted, failure to obey a court order, and failure to prosecute</u>.**

IT IS SO ORDERED.

Dated:   **January 31, 2017**               /s/ *Barbara A. McAuliffe*
                                                                                        UNITED STATES MAGISTRATE JUDGE